235 P.3d 1045

**STATE of Arizona, Appellee,**

v.

**Cordell Coolidge MARTIN, Appellant.**

**No. 1 CA–CR 08–0790.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 3, 2010.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Sarah E. Heckathorne, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Edith M. Lucero, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

OROZCO, Judge.

¶ 1 Cordell Coolidge Martin (Defendant) appeals from his convictions and sentences for one count of sexual conduct with a minor and two counts of molestation of a child. He argues the trial court should not have admitted a videotape of the victim's forensic interview into evidence. Defendant also claims his constitutional right to confront witnesses [1] was violated because the forensic interviewer did not testify at trial and was not subject to cross-examination. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Defendant. *State v. Long,* 207 Ariz. 140, 142, ¶ 2, 83 P.3d 618, 620 (App.2004).

¶ 3 In the early morning of July 15, 2007, five-year-old C.Y. was sleeping with her mother and Defendant, the mother's boyfriend. C.Y.'s mother awoke to C.Y. screaming and crying. She then saw C.Y. lying on the other side of Defendant at the edge of

---

1. *See* U.S. Const. amend. VI.

the bed. Defendant was naked. After her mother took C.Y. out of the bedroom, C.Y. told her Defendant "touched me on my privates," and had done so "all the time." A medical perianal exam performed that morning on C.Y. revealed a "raw" and "very fresh" acute tear and superficial abrasions consistent with a "penetrating-type trauma."

¶4 On July 18, 2007, C.L., a forensic specialist with the Mesa Police Department, conducted a videotaped forensic interview of C.Y. Detective M., the case agent, monitored the live video and audio feed of the interview in another room. During the interview, C.Y. recounted numerous instances of Defendant engaging in sexual conduct with her. One of those instances occurred during the daytime while C.Y. was in bed with Defendant and he touched her inappropriately. C.Y. explained that she was wearing a "tank down" at the time.[2] A similar incident involving improper touching occurred when Defendant was home alone with C.Y. and her half-sister, and the half-sister "fell off the bed."

¶5 C.Y.'s mother initiated a recorded confrontation call with Defendant on July 19, 2007. During the call, Defendant admitted he may have done "something" unintentionally as he lay naked next to C.Y. the morning of July 15, and that "maybe" he "should go away from everybody," but when confronted with the other allegations, he denied them. On July 23, 2007, Detective M. interviewed Defendant. Defendant admitted to penetrating C.Y.'s anus and touching her vagina on more than one occasion. The State charged Defendant with one count of sexual conduct with a minor and two counts of molestation of a child, all class two felonies and dangerous crimes against children.

¶6 At trial, C.Y. testified regarding the July 15, 2007 incident (count one) and the touching that occurred when her half-sister fell off the bed (count three). Although she testified that she could not recall the "tank down" incident (count two), C.Y. remembered talking to "a lady" to whom she told "the truth" at a time when C.Y. could better remember "some other stuff that happened with [Defendant]." Detective M. testified that the recorded forensic interview accurately reflected the forensic interview he observed. Pursuant to Arizona Rule of Evidence 803(5),[3] the State moved to admit a redacted copy of the recorded forensic interview Exhibit 5 (the videotape) that included C.Y.'s description of the "tank down" incident. The trial court, over Defendant's objections, admitted the videotape in evidence and played it for the jury. In response to a question from the jury, the court and the parties agreed that the jury would be able to review the videotape during deliberations.[4]

¶7 Defendant was found guilty as charged and sentenced to a term of life imprisonment for the conviction of sexual conduct with a minor, to be served consecutively to two concurrent seventeen-year terms for both convictions of molestation of a child. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12–120.21.A.1 (2003), 13–4031, and –4033.A.1 (2010).[5]

## DISCUSSION

### I.  Rule 803(5)

¶8 Defendant first argues the trial court committed fundamental error in admitting the videotape in evidence. The State counters that under Rule 803(5), the trial court properly allowed the videotape to be played at trial, but concedes error occurred in allowing the jury to have the tape during deliberations. The State further argues, however, that Defendant fails to establish the prejudice necessary to reverse under fundamental error review.

---

2. The term "tank down" appears to be a combination of "tank top" and "nightgown."

3. Unless otherwise specified, hereafter, an Arizona Rule of Evidence is referred to as "Rule ――."

4. Defendant did not object when the prosecutor stated in closing argument that the jurors would have the videotape available to them during deliberations.

5. We cite the current version of the applicable statutes because no revisions material to this opinion have since occurred.

¶ 9 As an exception to the hearsay rule, Rule 803(5) allows for the admissibility of a recorded recollection, which is defined as:

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. *If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.*

Ariz. R. Evid. 803(5) (emphasis added).

¶ 10 Defendant argues that because Rule 803(5) "is limited to written materials such as a diary, police reports, summaries, doctor reports, a transcript, etc.," it does not apply to a videotape. Although Defendant fails to cite any legal authority in support of this argument, we nevertheless address it because it presents an issue of first impression.

¶ 11 Nothing in Rule 803(5) expressly limits the Rule's application "to written materials;" rather, Rule 803(5) states that it applies to "[a] memorandum or record." Accordingly, we must determine whether a videotape qualifies as a "memorandum or record." "We construe rules of evidence in the same manner that we construe statutes, 'giving effect to the plain meaning unless the language is ambiguous.' " *Johnson v. State ex rel. Dep't of Transp.*, 222 Ariz. 58, 61, ¶ 11, 213 P.3d 207, 210 (App.2009) (quoting *Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 155, 161, ¶ 19, 195 P.3d 192, 198 (App.2008)). We may consult a dictionary when determining the ordinary meaning of a word. *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, 177, ¶ 19, 213 P.3d 320, 326 (App.2009). In part, the Merriam–Webster's Dictionary defines the noun "record" as "something that records," for example, "something that recalls or relates past events." Merriam–Webster's Collegiate Dictionary, 1040 (11th ed. 2003)

Additionally, "record" is also defined in part as "something on which sound or visual images have been recorded." *Id.* Similarly, "videotape" is defined as "a recording of visual images and sound (as of a television production) made on magnetic tape." Merriam–Webster's at 1394. Based on these common definitions, we hold that a videotape may qualify as a "record" for purposes of Rule 803(5). *See U.S. v. Jones*, 601 F.3d 1247, 1264 (11th Cir.2010) (concluding that admission of a video as a past recollection recorded was not error); *see also State v. Locke*, 139 N.H. 741, 663 A.2d 602, 604 (1995) (concluding that the trial court did not err in admitting a videotape as a past recollection recorded).

¶ 12 Defendant next argues the videotape lacked sufficient foundation to be admitted pursuant to Rule 803(5) because no showing was made at trial that C.Y. had "insufficient recollection." This argument has no merit because C.Y. testified that she did not remember the "tank down" incident, the incident for which the videotape was admitted. Also, as recounted above, C.Y. stated she remembered talking to "a lady" to whom she told "the truth" at a time when she could better remember "some other stuff that happened with [Defendant]." The foundational requirements for admitting the videotape as a recorded recollection therefore were satisfied. *See supra* ¶ 6; *State v. Alatorre*, 191 Ariz. 208, 211–12, ¶¶ 9–10, 953 P.2d 1261, 1264–65 (App.1998) (finding no abuse of discretion in admitting tape-recorded interview of witness because foundational elements established by trial testimony).[6]

¶ 13 Defendant finally argues that even if Rule 803(5) permitted the videotape to be played at trial, the rule did not allow the videotape to be received in evidence. We agree. As the State concedes, the trial court erred pursuant to the plain language of Rule 803(5) in receiving the videotape in evidence and making it available to the jury during deliberations. *See DeForest v. DeForest*, 143

---

**6.** Defendant further argues that "foundation is severely lacking" for admission of the videotape because the prosecutor herself did not actually perform the redactions of the original videotape. However, because Defendant cites no legal authority for this argument, we do not consider it. *See Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 503, 851 P.2d 122, 128 (App.1992) ("Arguments unsupported by any authority will not be considered on appeal.").

Ariz. 627, 633, 694 P.2d 1241, 1247 (App.1985) (Rule 803(5) prohibits admitting a recorded recollection as an exhibit).

¶ 14 To warrant reversal under fundamental error review, however, Defendant must show prejudice; that is, he must show that absent error, a reasonable jury could have reached a different result.[7] *See State v. Henderson,* 210 Ariz. 561, 569, ¶ 27, 115 P.3d 601, 609 (2005).

■ ¶ 15 Defendant fails to prove that the jury could have reached a different result had the videotape not been available to it during deliberations. As a preliminary matter, Defendant cannot prove that the jury actually watched the videotape during deliberations. Although the jury asked if it would have access to the videotape during deliberations, the record does not indicate whether the jury actually viewed it during its deliberations. Moreover, even if Defendant could establish that the jury reviewed the videotape during deliberations, other evidence supported his conviction on count two. The jury could have found Defendant guilty on count two based solely on the jury's viewing of the videotape at trial. In addition, Defendant admitted to touching C.Y.'s vagina more than once and acknowledged that C.Y. "was telling the truth about what had happened to her at the hands of him." *See State v. Williams,* 133 Ariz. 220, 226, 650 P.2d 1202, 1208 (1982) (erroneous admission of cumulative evidence is harmless error). Speculative prejudice is insufficient under fundamental error review. *See State v. Trostle,* 191 Ariz. 4, 13–14, 951 P.2d 869, 878–79 (1997); *see also State v. Munninger,* 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App.2006). Consequently, the trial court's decision to make the videotape available to the jury during deliberations was not reversible error.

## II. Confrontation Clause

■ ¶ 16 Defendant contends the interviewer's statements in the videotape were testimonial and that because C.L., who conducted the interview, did not appear at trial, admission of the videotape in evidence violated his constitutional right to confront witnesses. "We review a trial court's ruling on the admissibility of hearsay evidence for an abuse of discretion." *State v. Bronson,* 204 Ariz. 321, 324, ¶ 14, 63 P.3d 1058, 1061 (App. 2003). "However, Confrontation Clause violations are reviewed *de novo." Id.*

¶ 17 The Confrontation Clause states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington,* the United States Supreme Court held that "testimonial" hearsay statements of an unavailable declarant could not be admitted in a criminal trial unless the defendant had cross-examined the declarant. 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *see also State v. King,* 213 Ariz. 632, 637, ¶ 17, 146 P.3d 1274, 1279 (App.2006).

■ ¶ 18 "Testimony" is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford,* 541 U.S. at 51, 124 S.Ct. 1354 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)). "The question of whether a statement is testimonial 'is a factually driven inquiry and must be determined on a case-by-case basis.' " *State v. Alvarez,* 213 Ariz. 467, 471, ¶ 14, 143 P.3d 668, 672 (App.2006) (quoting *State v. Parks,* 211 Ariz. 19, 28, ¶ 43, 116 P.3d 631, 640 (App.2005)).

¶ 19 The parties disagree as to whether Defendant sufficiently objected to the videotape on Confrontation Clause grounds to preserve the issue for appeal. Resolution of this issue is unnecessary because we conclude no violation of Defendant's confrontation rights occurred. *See State v. Lavers,* 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991) (before engaging in fundamental error analysis, we must first find error).

¶ 20 For Confrontation Clause purposes, Defendant's focus on C.L.'s statements is misplaced. C.L.'s statements were not offered as evidence; rather, the jury heard those statements as an integrated part of the entire videotaped interview. After viewing

---

7. Defendant's assertion that the jury's access to the videotape during deliberations was prejudi-
cial per se, is unsupported by legal authority.

the videotape, we conclude C.L.'s statements during the interview of C.Y. were not testimonial hearsay. C.L. asked questions of C.Y. and at times requested clarification; C.L. did not repeat statements made by others nor did she recount any other information that may implicate Defendant.[8] *Cf. State v. Boggs,* 218 Ariz. 325, 334, ¶¶ 34–35, 185 P.3d 111, 120 (2008) (stating questions as part of an interrogation "were admissible at least for the limited purpose of showing the context of the interrogation"); *State v. Roque,* 213 Ariz. 193, 213–14, ¶¶ 69–70, 141 P.3d 368, 388–89 (2006). The only purpose of playing C.L.'s questions for the jury was to provide a context for C.Y.'s statements. *See Boggs,* 218 Ariz. at 334, ¶ 35, 185 P.3d at 120 (noting interviewer's videotaped statements during interrogation were admissible to show context of interrogation); *see also U.S. v. Nettles,* 476 F.3d 508, 517–18 (7th Cir.2007) (confidential informant not a "witness" for Confrontation Clause purposes because his recorded statements merely provided context to defendant's recorded admissions); *see also State v. Huerstel,* 206 Ariz. 93, 107, ¶ 65, 75

P.3d 698, 712 (2003) ("[J]uries that are permitted to hear taped confessions are also permitted to hear the questions police ask."). Accordingly, C.Y.'s statements in the videotape did not implicate Defendant's right to confront witnesses against him. *See State v. Tucker,* 215 Ariz. 298, 315, ¶ 61, 160 P.3d 177, 194 (2007) (testimony that is not admitted to prove its truth is not hearsay and does not violate the Confrontation Clause).

## CONCLUSION

¶ 21 For the reasons previously stated, Defendant's convictions and sentences are affirmed.

CONCURRING: DIANE M. JOHNSEN and JON W. THOMPSON, Judges.

---

8. For instance, a sample of C.L.'s interview questions include: "[s]how me where.... Did he touch you on your clothes or on your skin? ... And where were you that time? ... Was that in the nighttime or the daytime?"