NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

VILAYKHONE BOUTSISAVANH, *Appellant*.

No. 1 CA-CR 13-0859

FILED 12-09-2014

Appeal from the Superior Court in Maricopa County
No. CR2013-115211-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

**G E M M I L L**, Judge:

¶1        Defendant Vilaykhone Boutsisavanh appeals his conviction and sentence for aggravated assault, a class 3 dangerous felony. Boutsisavanh contends that the trial court erred in giving the jury an instruction on flight or concealment. For the reasons that follow, we affirm.

## BACKGROUND

¶2        The applicable standard of review requires that we view the facts in the light most favorable to upholding the jury's verdict. *State v. Mitchell*, 204 Ariz. 216, 217 ¶ 3, 62 P.3d 616, 617 (App. 2003). On February 18, 2013, Boutsisavanh went to LP's house, knocked on the door, and asked for LP's brothers. Boutsisavanh had been at the house at least five times before, asking for LP's brothers in order to collect money they owed him for drugs. During the February 18 visit, Boutsisavanh placed his foot in the door to prevent LP from closing it and, when LP informed him that her brothers were not home, motioned for one of two men he arrived with to approach from their car. The man came up to the house and handed Boutsisavanh a gun.

¶3        Boutsisavanh pointed the gun about six inches away from LP's face, demanding that she get her brothers on the phone or else she "would be the reason" that "something happens" to her brothers. After holding the gun to LP's face for approximately five seconds, the gun was returned to the other man and placed in a holster.

¶4        LP successfully reached one brother, but failed to convince him to come to the house. She was unable to reach her other brother by phone. LP then gave Boutsisavanh her brother's phone number and Boutsisavanh called him. After talking with LP's brother on the phone, Boutsisavanh walked to the car while wishing luck to her family and telling her he did not know what was going to happen next.

¶5        After the incident, LP called the police from her sister's nearby apartment and gave her statement in an interview with Officer Moody. Based on LP's description of the assailant, Officer Moody arranged a photo lineup the next day, February 19, and LP was able to identify Boutsisavanh. Despite this identification and despite Boutsisavanh

appearing at superior court on February 20,[1] he was not apprehended until April 2, 2013.

¶6        The State proceeded to trial against Boutsisavanh on the charge of aggravated assault.  When jury instructions were first addressed during trial, defense counsel stated he did not submit any requested instructions because he "looked over the ones that [the State] filed, and that seems appropriate, with the exception I would think the last -- last page looked like it was something more for penalty phase," referring to an instruction on release status.  Before bringing in the jury at trial the following day, the court questioned the State on the appropriateness of the State's requested flight instruction, despite the lack of objection by the defense.  The court stated it was confused about what facts support a flight instruction, and in lieu of speculating, wanted to ask the State what the supporting evidence was.  The State pointed only to the facts that Boutsisavanh went to the car after the incident, was driven off before police arrived, and was not apprehended until two months later.  The court then verified that the State believed the sentence, "You may also consider the Defendant's reasons for running away, hiding, or concealing evidence," should remain in the instruction.  When the court asked if defense counsel was in agreement with leaving the sentence in, he responded "yes."

¶7        The jury returned a guilty verdict and Boutsisavanh timely appeals.  This court has jurisdiction pursuant to the Arizona Constitution, Article 6, section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and 13-4033.

## ANALYSIS

¶8        Boutsisavanh argues that the trial court erred in giving the jury instruction on flight, to which the State referred in closing argument.  That instruction provided:

> Flight or concealment: In determining whether the State has
> proved the Defendant guilty beyond a reasonable doubt, you
> may consider any evidence of the Defendant's running away,
> hiding, or concealing evidence, together with all the other

---

[1]  Boutsisavanh appeared in court on February 20 for sentencing in an unrelated matter.  This fact was presented to the court at the Final Trial Management Conference but was not mentioned in the presence of the jury at trial.

evidence in the case. You may also consider the Defendant's reasons for running away, hiding, or concealing evidence. Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

**¶9**        Because Boutsisavanh failed to object to this instruction at trial, our review is limited to fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *see also* Ariz. R. Crim. P. 21.3 ("No party may assign as error on appeal the court's giving . . . any instruction . . . unless the party objects thereto before the jury retires to consider its verdict . . . ."). To prevail under this standard of review, a defendant must establish that fundamental error occurred and that the error caused him prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

**¶10**        Instruction on flight is appropriate when a defendant's conduct manifests a consciousness of guilt. *State v. Cutright*, 196 Ariz. 567, 570, ¶ 12, 2 P.3d 567, 660 (App. 1999), *overruled on other grounds by State v. Miranda*, 200 Ariz. 67, 22 P.3d 506 (2001). Whether to give a flight instruction is dependent on the facts of a given case. *Id.* Merely leaving the scene of a crime or engaging in travel does not warrant a flight instruction. *State v. Speers*, 209 Ariz. 125, 132, ¶ 28, 98 P.3d 560, 567 (App. 2004). Because Boutsisavanh did not flee from police pursuit, a flight instruction was appropriate in this case only if one could "reasonably infer from the evidence that the defendant left the scene in a manner which obviously invites suspicion or announces guilt." *Id.* (Citation omitted).

**¶11**        In the present case, Boutsisavanh walked away from the scene of the crime and was then driven off without any noted expediency. This evidence does not, in our view, support an inference that Boutsisavanh "left the scene in a manner which obviously invites suspicion or announces guilt" and does not justify giving the instruction. Boutsisavanh, however, is unable to establish that any such error was fundamental or prejudicial.

**¶12**        Boutsisavanh claims that giving the instruction was fundamental error and the instruction coupled with the State's referral to its evidence supporting flight prejudiced him. First, we do not find fundamental error on this record based on the giving of the instruction or the State's argument in closing. *See, e.g., State v. Moody*, 208 Ariz. 424, 443, ¶ 49, 94 P.3d 1119, 1138 (2004) (holding that "fundamental error is 'error of such dimensions that it cannot be said it is possible for [a] defendant to have had a fair trial.'" (citation omitted)). Even if the instruction had not been

given, the State would have been entitled to argue reasonable inferences from the evidence regarding Boutsisavanh's alleged flight. The giving of the instruction did not deprive Boutsisavanh of a fair trial and did not constitute fundamental error.

¶13     Second, Boutsisavanh has not demonstrated prejudice on this record. The instruction was phrased permissively:  the jury was told that they "may" consider any evidence of flight or concealment and further informed that the flight or concealing of evidence does not itself prove guilt. Boutsisavanh's claim that the "instruction greatly prejudiced him" is pure speculation.  "Speculative prejudice is insufficient under fundamental error review."  *State v. Martin*, 225 Ariz. 162, 166, ¶ 15, 235 P.3d 1045, 1049 (App. 2010).

## CONCLUSION

¶14     Because we conclude that no fundamental, prejudicial error occurred by the giving of the flight instruction, we affirm Boutsisavanh's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama