NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WALI SALAH WILSON, *Appellant.*

No. 1 CA-CR 15-0848
FILED 1-5-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-432083-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist, III
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel E. Vederman[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**V E D E R M A N**, Judge:

¶1   Wali Salah Wilson appeals his convictions and sentences for attempted aggravated assault and disorderly conduct, both of which were domestic violence offenses.

## FACTS AND PROCEDURAL BACKGROUND

¶2   The evidence at trial showed that Wilson argued with his girlfriend, punched her, threw a brick at her and missed, and choked her with both hands until she felt dizzy and short of breath. [2]

¶3   The girlfriend, who had five children with Wilson (four of whom were living with Wilson's family at the time of trial), testified that she remembered arguing with Wilson, but did not remember him assaulting her. She testified that she had tried to get the charges against Wilson dropped before trial because "[she] just didn't want to be involved with the case." She acknowledged, however, that she spoke with a police officer and a nurse the day of the incident, but stated that because she did not remember what had happened, she could not say whether she had been truthful with them.

¶4   A police officer and a forensic nurse examiner testified that the victim had reported, on the day of the incident, that Wilson threw a brick at her, punched her, and choked her until she could not breathe. The police officer testified that the victim's oldest daughter, who also claimed loss of memory at trial, had told him that day that Wilson had pushed her mother to the ground and got on top of her and choked her. The forensic

---

[1]  The Honorable Samuel E. Vederman, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]  We view the evidence at trial in the light most favorable to sustaining the convictions. *State v. Boozer*, 221 Ariz. 601, 601, ¶ 2 (App. 2009).

nurse relayed the details of her report to the jury, and the victim's recorded statement to police describing the assault was played to the jury; both were admitted as exhibits. The nurse testified that the victim's injuries were consistent with the victim's initial description of the assault.

**¶5**        The jury convicted Wilson of the charged crimes of attempted aggravated assault and disorderly conduct, and found both to be domestic violence offenses. The jury found as aggravating circumstances on the attempted aggravated assault offense that defendant was on felony probation at the time, the victim suffered physical or emotional harm, the offense involved the infliction or threatened infliction of serious physical injury, and the offense was a domestic violence offense committed in the presence of a child.

**¶6**        The court revoked probation in a prior case and sentenced Wilson to 2.5 years in that case, to be served consecutively to a 2.25-year sentence for the attempted aggravated assault conviction (Count 1), with a 3-year probation term to follow for Wilson's disorderly conduct conviction (Count 2). Wilson filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

### I.     Confrontation Violation.

**¶7**        Wilson argues that the police officer's testimony, regarding what the victim's six-year-old and eight-year-old children told the officer the day of the incident, violated his confrontation rights because the children did not appear as witnesses at trial and he had no opportunity to cross-examine them.[3] Although we ordinarily review evidentiary rulings for abuse of discretion, we review evidentiary rulings that implicate a defendant's constitutional rights *de novo*. *See State v. Ellison*, 213 Ariz. 116, 120, ¶ 42 (2006). Because Wilson did not object to the testimony at trial, however, he has waived all but fundamental error review. *See State v. Henderson*, 210 Ariz. 561, 568, ¶ 22 (2005); *State v. Goudeau*, 239 Ariz. 421, 458, ¶ 148 (2016). On fundamental error review, the defendant has the burden of proving that the court erred, that the error was fundamental in

---

[3]        The officer testified that the children told him they heard their mother yelling for help, and that Wilson threw a brick at her and tried to choke her.

nature, and that he was prejudiced thereby. *Henderson*, 210 Ariz. at 567, ¶ 20.

**¶8** Wilson has failed to meet his burden. The Confrontation Clause generally prohibits the admission of testimonial hearsay statements at a criminal trial unless the declarant is available at trial for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). Statements made by a witness during police questioning are considered testimonial "when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). Insofar as the record reveals, the children's statements were testimonial hearsay statements, obtained not to handle any ongoing emergency, but rather to establish what had occurred for a later criminal prosecution. The admission of these testimonial statements through the officer, in the absence of the children's appearance at trial as witnesses, thus appears to have violated Wilson's confrontation rights.

**¶9** Even assuming *arguendo* that the court fundamentally erred in admitting these statements, Wilson has failed to show that he was prejudiced by this testimony. To prove prejudice, the defendant must show that a reasonable jury could have reached a different verdict absent the error. *Henderson*, 210 Ariz. at 569, ¶ 27. The victim's recorded statement to police and her report to the forensic nurse examiner offered compelling evidence that choking had occurred. Her oldest daughter's statement to police on the date of the incident supplied further support for the conviction. Any probative value that the younger children's statements might have had was undermined by the officer's admissions on cross-examination that he did not initially remember interviewing them, and it appeared that he had not separated them when questioning them, as would be his normal practice. The brief reference in the officer's testimony and in the prosecutor's closing arguments to the younger children's statements that Wilson had choked their mother was cumulative of other more compelling evidence and did not prejudice Wilson. *See State v. Martin*, 225 Ariz. 162, 166, ¶ 15 (App. 2010). Wilson has accordingly failed to show the necessary prejudice for reversal on fundamental error review.

## II. Jury Instruction.

**¶10** Wilson next argues that the court violated his right to a unanimous verdict, *see* Ariz. Const. art. 2, § 23, by instructing the jury on two ways of committing attempted assault: (1) "Intentionally or knowingly

caus[ing] physical injury to another person"; or (2) "Knowingly touch[ing] another person with the intent to injure, insult, or provoke another person."

¶11 Because Wilson failed to object to the instruction, he has waived all but fundamental error review. *See Henderson*, 210 Ariz. at 568, ¶ 22.

¶12 The indictment charged Wilson with attempted aggravated assault pursuant to A.R.S. § 13-1204(B), which defines the offense as follows:

> B. A person commits aggravated assault if the person commits assault by either intentionally, knowingly or recklessly causing any physical injury to another person, intentionally placing another person in reasonable apprehension of imminent physical injury or knowingly touching another person with the intent to injure the person, and both of the following occur:
>
> 1. The person intentionally or knowingly impedes the normal breathing or circulation of blood of another person by applying pressure to the throat or neck or by obstructing the nose and mouth either manually or through the use of an instrument.
>
> 2. Any of the circumstances exists that are set forth in section 13-3601, subsection A, paragraph 1, 2, 3, 4, 5 or 6.

Section 13-3601(A)(1)-(6) identifies the relationships that make an offense one of "domestic violence." The court's instruction generally tracked the elements of the offense.

¶13 Wilson argues that because the instruction given defined two distinct offenses, he was deprived of a unanimous verdict on the charged offense. But the offense defined by A.R.S. § 13-1204(B) is one offense, whether it is committed by intentionally, knowingly, or recklessly causing physical injury to another person, or by knowingly touching another person with the intent to cause physical injury. This is because, unlike the offenses defined in A.R.S. § 13-1203(A)(1)-(3), which define "distinctly different conduct causing different kinds of harm," the offense defined in A.R.S. § 13-1204(B) requires proof of a particular harm: that the defendant "impede[d] the normal breathing or circulation of blood of another person." *See State v. Delgado*, 232 Ariz. 182, 189, ¶ 24 (App. 2013). "Therefore, the jury

was not required to agree which underlying 'form' of assault [Wilson] had committed." *Delgado*, 232 Ariz. at 189, ¶ 24.

¶14 Wilson relies on speculation, without support from the record, for his claim that the jury could have disagreed on the nature of the assault and reached a non-unanimous verdict by disregarding a key element of the offense, that is, that the defendant "intentionally or knowingly impeded the normal breathing or circulation of blood of another person by applying pressure to the throat or neck . . . ." The jury is presumed to have followed the jury instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006). Although the prosecutor referred to the brick-throwing in closing argument, the prosecutor argued, consistent with the jury instruction, that to convict Wilson of the attempted aggravated assault the jury was required to find that he "[i]mpeded the normal breathing or circulation of blood." In other words, that he attempted to strangle the victim. Defense counsel, for his part, simply argued that the evidence failed to demonstrate that Wilson threw a brick, punched the victim, or attempted to strangle her. Nothing in the record supports Wilson's claim on appeal that the jury disregarded the element of attempted aggravated assault requiring some form of choking or strangling, and instead found him guilty of simple assault for throwing a brick at her, pushing her, or grabbing her arm.

## CONCLUSION

¶15 For the foregoing reasons, we affirm Wilson's convictions and sentences.

