NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH RAY COPPLE, *Appellant.*

No. 1 CA-CR 19-0107
FILED 8-11-2020

---

Appeal from the Superior Court in Maricopa County
No.  CR2017-001173-001
The Honorable Thomas L. Fink, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

H O W E, Judge:

¶1    Kenneth Copple appeals his convictions and sentences because the trial court did not *sua sponte* hold a hearing under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) before admitting expert testimony on memory recovery, memory repression, and Eye Movement Desensitization Reprocessing therapy. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2    The Copple family and four extended families share a ranch in Christopher Creek, Arizona. All five families, which included victims S.S., J.N., and A.V. (Copple's nieces), spent various holidays together at the ranch.

¶3    On multiple occasions between 1979 and 1982, when S.S. was between four and eight years old, Copple engaged in sexual conduct with her. Between 1980 and 1982, when J.N. was between seven and eight, Copple engaged in sexual conduct with her on multiple occasions. And between 1981 and 1984, when A.V. was between four and seven years old, Copple engaged in sexual conduct with her on multiple occasions. Neither S.S., J.N., nor A.V. told anyone what had happened and all three suppressed the memories.

¶4    S.S., J.N. and A.V. each saw various counselors between 2000 and 2014, when they were adults. J.N. had some memories of Copple's abuse before counseling, but her memories became more detailed after counseling in 2007. S.S.'s memories returned after counseling around 2008 or 2009. And A.V.'s memories returned in 2014, after her counselor used Eye Movement Desensitization Reprocessing ("EMDR") therapy, which decreases the anxiety and stress surrounding a traumatic event.

¶5    J.N. and S.S. tried speaking with Copple in 2012 about what had happened, but he denied any wrongdoing. Copple and his wife went to their church leader who then called J.N. and S.S. and told them to move on and forget what had happened. In 2014, J.N. told her aunt what had

happened. Her aunt then shared that information with someone else and a new church leader called J.N. and S.S. again. Around May 2014, the church's legal department called the police who then contacted J.N., S.S., and A.V., who reported what Copple had done to them.

¶6　　　　Copple was indicted for 14 counts of sexual conduct with a minor, 1 count of sexual abuse, 1 count of attempted sexual conduct with a minor, and 1 count of child molestation. The State also alleged the physical and emotional harm suffered by each victim as aggravating circumstances. Before trial, the court granted Copple's motion to sever the trial, addressing counts 18 and 19 in a separate trial.

¶7　　　　The State retained three expert witnesses, Sharon Welch, a registered nurse, Dr. Wendy Dutton, a forensic interviewer, and Dr. James Chu, a board-certified psychiatrist. At trial, Dr. Dutton testified about the different ways children disclose sexual abuse, delayed disclosure, coping mechanisms, the different memory types, and how children remember certain things. On cross-examination, Dr. Dutton admitted repressed memory "tends to be more of an issue or a controversial issue with adults."

¶8　　　　Copple retained Dr. Deborah Davis as an expert witness. She testified that memory science has generally not supported the idea of repression of traumatic events and that EMDR therapy is an effective tool to alleviate anxiety and stress surrounding a memory but is not an effective memory recovery tool. She admitted, however, that EMDR might help a person remember things that are true but could also help a person remember things that are false. The State's rebuttal expert, Dr. Chu, agreed that EMDR therapy is not used for memory retrieval but to reduce anxiety surrounding memories. He also testified that EMDR therapy would not result in the creation of false memories if used properly.

¶9　　　　At the conclusion of trial, Copple was convicted of all 17 counts. The jury found that the State had proved that each victim suffered physical or emotional harm as aggravating circumstances. Copple was sentenced to 14 aggravated 25-year terms of imprisonment for each sexual conduct with a minor conviction with 735 days' presentence incarceration credit, 2 aggravated 15-year terms of imprisonment for the sexual abuse and attempted sexual conduct with a minor convictions, and 22 years' imprisonment for the child molestation conviction. All his convictions were ordered to run consecutive to each other. Copple timely appealed.

## DISCUSSION

**¶10**        Copple argues that the trial court fundamentally erred because it did not fulfill its gatekeeper function under Arizona Rule of Evidence ("Rule") 702 by holding a *Daubert* hearing *sua sponte* before allowing expert testimony on memory recovery, memory repression, or EMDR therapy. He contends that the jury determined the reliability of the methodologies discussed by "no less than five experts." He also argues that he was prejudiced because the court would have limited or precluded such expert testimony had it held a *Daubert* hearing. We need not review for fundamental error, however, if no error occurred. *State v. Silva*, 222 Ariz. 457, 459 ¶ 11 (App. 2009).

**¶11**        Copple's argument fails for two reasons. First, Copple fails to develop his argument. He merely concludes, without citation to the record, that "no less than five" experts opined differently and that if the trial court had held a *Daubert* hearing, it would have "severely limited, if not precluded" expert testimony about memory recovery, memory repression, and EMDR therapy. He does not make any argument challenging the prongs of Rule 702 to support his argument. As a result, not only is Copple's prejudice argument waived, *see State v. Sanchez*, 200 Ariz. 163, 166 ¶ 8 (App. 2001) (failure to develop an argument results in waiver), but his argument fails because prejudice cannot be shown by speculation, *see State v. Martin*, 225 Ariz. 162, 166 ¶ 15 (App. 2010).

**¶12**        Second, even if Copple had not waived and failed to develop his argument, "the trial court has broad discretion to determine the reliability of evidence and need not conduct a hearing to make a *Daubert* decision." *State v. Favela*, 234 Ariz. 433, 436 ¶ 11 (App. 2014) (quoting *State v. Perez*, 233 Ariz. 38, 43 ¶ 19 (App. 2013)). This is especially true where, as here, Copple did not file a pretrial motion or object to the testimony before or at trial. Copple cites no Arizona authority to support his argument. Instead, he cites several cases that he claims allows a trial court to make a *Daubert* determination *sua sponte*. But a court's authority to *sua sponte* conduct a *Daubert* hearing does not equate to an obligation to do so. Copple does not cite any authority requiring *sua sponte* intervention by the trial court, and we are unaware of any. Accordingly, Copple has not established error.

**¶13**        Finally, even assuming, for the sake of argument, that the trial court was required to *sua sponte* conduct a *Daubert* hearing, the information

the court needed to make a *Daubert* decision was not presented until the expert witnesses finished testifying on the sixth day of trial, after the State had rested. By that point, all the testimony about memory recovery, memory repression, and EMDR therapy had been presented. Accordingly, insufficient information existed from which to *sua sponte* conclude that a *Daubert* hearing was necessary before those witnesses testified. Therefore, Copple has not established a basis for relief.

## CONCLUSION

¶14      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA