NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

IRVIN MATTHEW GROVES, *Appellant*.

No. 1 CA-CR 22-0384
FILED 4-11-2023

Appeal from the Superior Court in Coconino County
No. S0300CR202000695
The Honorable Stacy Lynn Krueger, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Coconino County Legal Defender's Office, Flagstaff
By Joseph Adam Carver
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**        Irvin Matthew Groves appeals his convictions for possession of dangerous drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony. *Anders v. California*, 386 U.S. 738 (1967). Groves' counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Groves had the opportunity to file a supplemental brief and did not.

**¶2**        Our obligation is to review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Groves. *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶3**        A "civil standby" generally involves the presence of law enforcement to maintain peace when parties to a dispute are hostile toward one another but must be at the same location, such as when one party is lawfully retrieving personal property from the other party's residence. In August 2019, Groves was present with a party to a civil standby. At the civil standby location, a police officer asked for Groves' name and date of birth. The officer discovered two outstanding arrest warrants for Groves and arrested him. During a search incident to the arrest, an officer recovered a butane lighter, a small glass pipe, and a plastic clamshell container containing a crystallized substance. When the officer asked Groves if it was methamphetamine, Groves responded "yeah, that would be a good guess." Forensic testing later confirmed that the glass pipe and plastic clamshell container each contained usable quantities of methamphetamine.

**¶4**        The State charged Groves with (1) possession of dangerous drugs, a class 4 felony, and (2) possession of drug paraphernalia, a class 6

felony. The state later amended the indictment, alleging four prior felonies as the basis for sentencing enhancements and aggravating circumstances.

**¶5**		During *voir dire*, Groves challenged juror nine for cause because her juror questionnaire stated that she trusted most law enforcement officers to be truthful and accurate. When questioned, juror nine confirmed that she could nonetheless be impartial. The court denied Groves' motion to strike juror nine during an unrecorded sidebar. The court subsequently detailed the sidebar discussion on the record.

**¶6**		At trial, the arresting officer testified that Groves had a pipe, lighter, and clamshell container. The forensic scientist who conducted the lab tests identified the residue in the glass pipe and the crystalline substance in the clamshell container as methamphetamine. Groves argued that someone planted the drugs on him to steal his valuable miniature pigs. Groves called his friend, to testify that shortly after Groves' incarceration pending trial on the drug charges at issue here, the miniature pigs went missing from Groves' home. Groves chose not to testify. The jury unanimously found Groves guilty on both counts.

**¶7**		Before sentencing, the state offered to narrow the range of the sentence to between 4.5 years and 7.5 years, in exchange for Groves admitting to one prior historical felony conviction and waiving his right to an appeal. Groves rejected the offer. The trial court allowed Groves to speak at sentencing and he did so. The court sentenced Groves to concurrent terms of 6.5 years for Count 1 and 2.5 years for Count 2, as category 3 repetitive offenses, with credit for 313 days of presentence incarceration.

## DISCUSSION

**¶8**		Groves' counsel identified several "potential errors" but concluded that none amounted to reversible error. Specifically, counsel noted (1) the court's failure to strike juror nine for cause; (2) the court's failure to hold the challenge to juror nine colloquy on the record; (3) references made in counsel's opening statements and witness testimony to unrelated warrants for Groves' arrest; (4) references in witness testimony to Groves' incarceration at the time of trial; and (5) the prosecutor's misstatements of law related to witness credibility instructions.

**¶9**		If a defendant objects at trial and thereby preserves an issue for appeal, we review for harmless error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). If the defendant fails to object to alleged trial error, the fundamental error standard applies. *Id.* at ¶ 19.

**¶10**         Groves objected to the court's failure to strike juror nine. When jurors unequivocally state that they can fairly evaluate the evidence, follow a court's instructions, and set aside any preconceived notions of guilt, a trial court does not abuse its discretion by refusing to strike the jurors for cause. *State v. Cruz*, 218 Ariz. 149, 158, ¶ 29 (2008). Juror nine met these criteria. And no potential juror, including juror nine, raised any concerns about his or her ability to appropriately weigh witness testimony. The court did not err in keeping juror nine.

**¶11**         Groves did not object to any of the remaining issues counsel identified. We must, therefore, first consider whether fundamental error occurred. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). An error is fundamental if it (1) "went to the foundation of the case," (2) "took from the defendant a right essential to his defense, *or* (3) . . . was so egregious that he could not possibly have received a fair trial." *Id.* The first two types of error require a separate showing of prejudice; the third is inherently prejudicial. *Id.*

**¶12**         Taking the remaining "potential errors" in order, we consider first the court's failure to preserve the challenge to juror nine on the record. Examinations of potential jurors as well as challenges to a potential juror for cause must occur on the record. Ariz. R. Crim. P. 18.5(f), (h).  While the examination of the jurors occurred on the record here, Groves' counsel moved to strike juror nine for cause, and the court denied the request, during an unrecorded sidebar. Although the objection and ruling were initially made during the off-the-record sidebar, the court subsequently recounted on the record that the defense moved "to strike [juror nine] for cause, and the state objected, and the Court denied that request." The court then invited both counsel to provide any additional information regarding the sidebar. In this light, any error regarding the initial sidebar discussion was not sufficient to deny Groves a fair trial. And because the court did not err in denying the motion to strike, *supra* ¶ 10, defendant was not prejudiced by any error. *See Escalante*, 245 Ariz. at 142, ¶ 21.

**¶13**         Counsel next identified as potential error references during the trial to Groves' arrest on unrelated warrants and his incarcerated status. Presumably counsel suggests the improper admission of other act evidence. *See* Ariz. R. Evid. 404(b) (forbidding introduction of evidence of other crimes to prove the character of a defendant is in conformity with the crime alleged). But during closing argument, Groves' attorney used the warrants to attempt to explain some of Groves' incriminating statements.  Even if we agreed that error occurred, at best we can infer only speculation as to the prejudice here, given the overwhelming direct evidence of his guilt.

4

"Speculative prejudice is insufficient under fundamental error review." *State v. Martin*, 225 Ariz. 162, 166, ¶ 15 (App. 2010); *see also State v. Ramos*, 235 Ariz. 230, 237, ¶ 20 (App. 2014) (finding that defendant had not met his burden of establishing prejudice under fundamental error review in light of overwhelming evidence).

**¶14** Finally, the prosecution did not misstate the law of witness credibility. The prosecution stated that Standard Criminal Jury Instruction 22 does not require the jury to "give every witness a level playing field" because it "can take [the fact that the witness has been convicted of a felony] into account as to whether or not you believe him." The prosecution's description is consistent with Standard Criminal Jury Instruction 22.

**¶15** Having reviewed the record, we conclude that none of the potential errors constitutes reversible error.

**¶16** The record reflects that all other proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976). Groves was present for all stages of the proceeding. He was represented by counsel at all stages of the proceeding. The record contains sufficient evidence for which the jury could find, beyond a reasonable doubt, that Groves is guilty of possession of dangerous drugs and possession of drug paraphernalia. At sentencing Groves was allowed to speak, did so, and the court stated on the record that it was a non-dangerous, repetitive offense as well as other factors considered in determining the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The trial court delivered a sentence within the statutory limits. *See* A.R.S. §§ 13-701, 13-703(C), 13-703(J), 13-708.

## CONCLUSION

**¶17** We have reviewed the entire record for arguable issues of law and find none. We affirm Groves' conviction and resulting sentence. *State v. Leon*, 104 Ariz. 297, 300–01 (1969).

**¶18** Defense counsel's obligations pertaining to Groves' representation in this appeal have ended. Counsel must only inform Groves of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA