212 P.3d 939

**STATE of Arizona, Appellee,**

v.

**Aaron Darnelle BOOZER, Appellant.**

**No. 1 CA–CR 08–0534.**

Court of Appeals of Arizona,
Division 1, Department A.

June 4, 2009.

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals Section, and Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Bruce Peterson, Legal Advocate by Consuelo M. Ohanesian, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

GEMMILL, Judge.

¶ 1 Aaron Boozer appeals his conviction and sentence for possession of marijuana. Boozer's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. *See Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Boozer was afforded the opportunity to file a supplemental brief *in propria persona* but did not do so. For the following reasons, we affirm Boozer's conviction and sentence but modify his sentence to reflect one additional day of presentence incarceration credit.

**FACTS AND PROCEDURAL HISTORY**

¶ 2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App.2001). In January 2005, Phoenix Police Officer P was driving his patrol car when he saw a vehicle with a large crack across its windshield pass in the opposite lane. Officers D and R were passengers in the patrol car. Officer P activated his emergency lights and stopped the vehicle. He approached the vehicle's driver's side and spoke to the driver, Boozer, the vehicle's sole occupant. Officer D approached the vehicle's passenger side "[f]or safety reasons, to keep an eye on [Boozer's] hands." Officer P gave Boozer's license and registration to Officer R, who performed a "driver's license and criminal records check" on Boozer in the patrol car.

¶ 3 Looking through the passenger side window, Officer D noticed what he believed was the handle of a handgun protruding from underneath the driver's seat. He whispered

to Officer P over the top of the vehicle that there was a gun in the vehicle. Around this time, Officer R told Officer P that Boozer's criminal records check had shown he had a prior felony conviction and was a documented gang member. Officer P asked Boozer to step outside of the vehicle, and he performed a patdown search but found no weapons. Officer D leaned inside the vehicle and confirmed there was a handgun under the driver's seat. Officer P then arrested Boozer for being a prohibited possessor and, during the search incident to arrest, found two plastic bags that contained a substance that later tested to be marijuana.

¶ 4 Boozer was charged with possession of marijuana, a class six felony. The State alleged Boozer had two historical prior felony convictions and also filed an allegation of aggravating circumstances other than historical priors. Prior to trial, Boozer filed a motion to suppress all evidence seized as a result of the search, alleging the officers did not have a search warrant or reasonable suspicion to search his vehicle. The court held a two-day hearing on the motion, during which the court heard testimony from Officers P and D, as well as Joseph Romani, Boozer's investigator. At the conclusion of the hearing, the trial court denied Boozer's motion to suppress evidence of the marijuana found during the search.

¶ 5 Boozer waived his right to a jury trial. The parties submitted the issue of guilt to the trial court on a stipulated record, which included the testimony of Officers P and D and Romani from the suppression hearing, as well as the results of the chemical test on the marijuana found during the search. The court found Boozer guilty of possession of marijuana, sentenced him to the presumptive prison term of one year, and awarded him 57 days of presentence incarceration credit. This appeal followed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A) (Supp. 2008).

**ANALYSIS**

¶ 6 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The sentence imposed falls within the range permitted by law,[1] and the evidence presented supports the court's finding that Boozer possessed marijuana in violation of A.R.S. § 13–3405 (2005). As far as the record reveals, Boozer was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

■ ¶ 7 We have determined, however, that the trial court incorrectly calculated that Boozer was entitled to 57 days of presentence incarceration credit. Pursuant to A.R.S. § 13–709(B) (2001), a defendant is entitled to presentence incarceration credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment. . . ." The record reveals that Boozer was in custody for two days, on January 4, 2005, and December 27, 2006, before being taken into custody again on April 9, 2008. He remained in custody from April 9 until he was sentenced on June 4, 2008. Boozer, therefore, was incarcerated for a total of 58 days prior to sentencing, and he should be awarded one additional day of presentence incarceration credit. We hereby modify the sentence to reflect this. *See* Ariz. R.Crim. P. 31.17(b); *State v. Stevens*, 173 Ariz. 494, 495–496, 844 P.2d 661, 662–663 (App.1992) (correcting a miscalculation in credit by modifying the sentence without remanding to the trial court).

¶ 8 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Boozer of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission

---

1. We note that Boozer was eligible for mandatory probation under A.R.S. § 13–901.01 (Supp. 2008). At the sentencing hearing, however, Boozer rejected probation, and the trial court was therefore required to sentence him to imprisonment. *See* A.R.S. 13–901.01(H)(3) (person shall be sentenced pursuant to Chapter 34 if court finds the person rejected probation).

to the Arizona Supreme Court by petition for review. Boozer has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶9 For the foregoing reasons, we affirm Boozer's conviction and sentence but modify his sentence to reflect one additional day of presentence incarceration credit.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and DANIEL A. BARKER, Judge.