NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC RUSSELL, *Appellant*.

No. 1 CA-CR 16-0063
FILED 2-21-2017

Appeal from the Superior Court in Apache County
No. S0100CR201500044
The Honorable Michael Latham, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Williams Law Group, PLLC, Show Low
By Elizabeth M. Hale

The Brewer Law Office, Show Low
By Benjamin M. Brewer
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

T H O M P S O N, Judge:

¶1        Eric Russell (defendant) appeals from his convictions and sentences for aggravated assault with a deadly weapon and aggravated assault causing serious physical injury. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

¶2        On the evening of February 12, 2015, defendant got into a physical altercation with D.T. after defendant accused D.T. of stealing a bike. During the fight, defendant stabbed D.T. at least five times in the back, torso, and belly with a knife. D.T.'s friend B.C. intervened and beat up and disarmed defendant. He took D.T., who was unconscious, to the hospital. B.C. told police that he intervened in the fight because he thought D.T. was going to die. Defendant also went to the hospital with a broken jaw.

¶3        The state charged defendant with one count of attempted first degree murder, a class 2 felony (count 1), one count of aggravated assault with a deadly weapon, a violent class 3 felony (count 2), one count of aggravated assault causing serious physical injury, a violent class 3 felony (count 3), and one count of aggravated assault, a violent class 3 felony (count 4). Subsequently, the state moved to dismiss count 4 and the trial court dismissed the count.

¶4        At trial, defendant testified that he stabbed D.T. in self-defense. The jury acquitted defendant of attempted first degree murder but convicted him on the two remaining aggravated assault counts. The trial court sentenced defendant to aggravated terms of eighteen years in prison on both counts, to be served concurrently. The court gave defendant credit

---

[1]        We view the evidence at trial in the light most favorable to sustaining the convictions. *State v. Boozer*, 221 Ariz. 601, 601, ¶ 2, 212 P.3d 939 (App. 2009).

for 323 days of presentence incarceration. Defendant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2016), 13-4031 (2010) and -4033 (A) (Supp. 2016).[2]

## DISCUSSION

¶5        On appeal, defendant argues that the state committed prosecutorial misconduct so pervasive that he was denied due process. Defendant argues that the prosecutor improperly vouched for B.C., who was called as a witness by the state, by giving B.C. immunity during the trial and by telling the jury he had immunity. He also argues that the prosecutor vouched for B.C. and misstated the evidence during closing argument.

¶6        To determine whether a prosecutor's remarks are improper, we consider whether the remarks called the jurors' attention to matters they would not be justified in considering, and the probability that the remarks influenced the jurors. *State v. Jones*, 197 Ariz. 290, 305, ¶ 37, 4 P.3d 345, 360 (2000) (citation omitted). There are "two forms of impermissible prosecutorial vouching: (1) where the prosecutor places the prestige of the government behind its witness; [and] (2) where the prosecutor suggest that information not presented to the jury supports the witness's testimony." *State v. Vincent*, 159 Ariz. 418, 423, 768 P.2d 150, 155 (1989) (citations omitted). "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Morris*, 215 Ariz. 324, 335, ¶ 46, 160 P.3d 203, 214 (2007) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26, 969 P.2d 1184, 1191 (1998)). "Prosecutorial misconduct constitutes reversible error only if (1) misconduct exists and (2) 'a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial.'" *Id.* (quoting *State v. Anderson*, 210 Ariz. 327, 340, ¶ 45, 111 P.3d 369, 382 (2005)) (citation omitted).

### A.  B.C.'s Immunity

¶7        During direct examination, the prosecutor asked B.C. whether he would deny having told police that he expected there would be a fight when he and D.T. met up with defendant. B.C. responded that he was "not going to say anything that would incriminate [himself]." The

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

court excused the jury, and during the break the state offered B.C. judicial immunity regarding his testimony about the night in question. The court brought the jury back into the courtroom and the prosecutor resumed his direct examination. The prosecutor asked B.C. whether he understood he had immunity and would not be prosecuted for any of his testimony, and B.C. answered in the affirmative. The prosecutor further asked B.C. whether he was willing to testify truthfully and B.C. said that he was. Defendant failed to object to the prosecutor's questions. Accordingly, we review for fundamental error only. *See State v. Medina*, 232 Ariz. 391, 409, ¶ 76, 306 P.3d 48, 66 (2013). We find no error, fundamental or otherwise. The prosecutor did not place the prestige of the government behind B.C. by giving him immunity for his testimony and asking him whether he understood it in front of the jury.

## B.   Alleged Vouching During Closing Argument

**¶8**        Next, defendant argues that the prosecutor improperly vouched for B.C. during closing argument 1) by telling the jury that B.C. was acting in self-defense and in defense of D.T. when he beat up and injured defendant, 2) by arguing that B.C. was more credible than defendant because he was afraid to testify until he was given immunity, 3) by telling the jury that the entire prosecutor's office agreed with him that B.C. was credible because the office could have charged B.C. for a crime but did not, 4) by mischaracterizing B.C.'s testimony about a statement B.C. allegedly made to police about what defendant said following the stabbing and before B.C.'s beating of defendant,[3] and 5) by referring to medical records that were not in evidence in order to bolster B.C.'s credibility and undermine defendant's.

**¶9**        Courts allow counsel "wide latitude" in making closing arguments and any reasonable inferences that can be drawn from the evidence. *State v. Amaya-Ruiz,* 166 Ariz. 152, 171, 800 P.2d 1260, 1279 (1990) (citation omitted). "Prosecutorial comments which are a fair rebuttal to areas opened by the defense are proper." *State v. Alvarez*, 145 Ariz. 370, 373, 701 P.2d 1178, 1181 (1985) (citation omitted). Telling the jury that B.C. was

---

[3]       At trial, the prosecutor asked B.C. whether he remembered telling police that defendant stood over D.T. after the stabbing and stated "[Y]eah, I fucking stabbed you; bleed, mother fucker, bleed." B.C. said that he may have said that but did not recall. When asked what he did recall about that moment, B.C. stated that defendant seemed "real satisfied with himself." The prosecutor argued in closing several times that defendant told the unconscious victim "that's right, mother F-er, bleed out."

acting in self-defense and in defense of D.T. did not amount to improper vouching, because this argument was linked to the evidence at trial. *See State v. Corona*, 188 Ariz. 85, 91, 932 P.2d 1356, 1362 (App. 1997). Nor did telling the jury that B.C. was credible because he was afraid to testify constitute vouching.

**¶10** Although there is a proper inference that could be made, the prosecutor's statement that the entire prosecutor's office agreed that B.C. acted in self-defense because B.C. was not charged was improper. The statement did not amount to reversible error, however. Further, the prosecutor's argument that defendant told the victim to "bleed out" was improper because it misstated the evidence – B.C. testified that he recalled defendant making a statement and looking satisfied, but that he could not recall the statement. Defense counsel chose not to object during the prosecutor's closing argument and to instead address the mischaracterization of the evidence in his own closing argument:

> [Defense counsel]: The State mentioned over and over in its closing that [defendant] stood over the alleged victim and said bleed out. Who did you hear that from? Nobody. That's not in evidence. He wants it to be in evidence.

In his rebuttal closing the prosecutor stated:

> Now, you heard [defense counsel] characterize how I spoke to you. I realize I get passionate about what I'm saying. But if there is anything that I said that does not match up with your recollection of what was said during the testimony, or does not match up with what is in your notes, then disregard what I said, because what I'm saying right now is not evidence.

Additionally, the trial court instructed the jury that the lawyer's arguments were not evidence and that it was the jury's role to "[d]etermine the facts only from the evidence that was produced in court." The court's instructions, together with counsels' statements, were sufficient to render any vouching harmless error. *See State v. Payne*, 233 Ariz. 484, 512, ¶ 113, 314 P.3d 1239, 1267 (2013).

**¶11** Finally, the prosecutor should not have argued that the hospital records showed that defendant used drugs on the day of the fight,

contrary to his testimony at trial, because the records were not in evidence. However, the jury instructions were sufficient to render this error harmless.

## CONCLUSION

¶12      For the foregoing reasons, we affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA