NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHOLAS THOMAS RUSING, *Appellant.*

No. 1 CA-CR 15-0666
No. 1 CA-CR 15-0667
(Consolidated)
FILED 2-21-2017

Appeal from the Superior Court in Maricopa County
No.  CR2010-155127-001
CR2013-460375-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Ballecer & Segal LLP, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

---

### MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Chief Judge Michael J. Brown and Presiding Judge Samuel A. Thumma joined.[1]

---

**O R O Z C O**, Judge:

¶1         Nicholas Thomas Rusing appeals his convictions and sentences for possession of dangerous drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony, and the resultant revocation of his probation for a conviction of possession of marijuana for sale, a class 4 felony.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2         The evidence at trial, viewed in the light most favorable to supporting the convictions,[2] showed that security personnel at the Casino Arizona Talking Stick Resort contacted Salt River police after observing suspicious behavior by Rusing and a friend in a car in the parking lot at about 1 a.m.

¶3         The Salt River police officer testified that Rusing admitted he and his friend had been smoking methamphetamine, and told the officer the methamphetamine pipe was in his backpack, but he did not believe there was any methamphetamine left.  The officer searched the backpack with Rusing's consent, and discovered a methamphetamine pipe and a small baggie of methamphetamine.

¶4         At trial, Rusing testified that he had not been smoking methamphetamine, he had not told the officer he was smoking methamphetamine, and he had not known that the methamphetamine pipe or methamphetamine was in his backpack.  He stated that his friend, A.G., had been smoking methamphetamine earlier, and he guessed that his friend put the pipe and methamphetamine in his backpack.

---

[1]     The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]     *See State v. Boozer*, 221 Ariz. 601, 601, ¶2 (App. 2009).

¶5            The jury convicted Rusing of the charged offenses in CR2013-460375-001, and found that he was on probation at the time he committed the offenses.  As a result of the convictions, the court found Rusing to be in automatic violation of his probation in CR2010-155127-001, and revoked his probation.  The court found that Rusing had admitted on the witness stand that he had two prior historical felony convictions.

¶6            The court sentenced Rusing to 10 years in prison on the conviction for possession of dangerous drugs, and 3.75 years in prison on the conviction for possession of drug paraphernalia in CR2013-460375-001, to be served concurrently, but consecutively to a prison term of 2.5 years in CR2010-155127-001.  The court gave Rusing leave to apply for executive clemency in CR2013-460375-001.

¶7            Rusing filed timely notices of appeal in both cases, which were consolidated on appeal.  This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21.A.1 and 13-4031, 4033.A.

## DISCUSSION

### A.    Preclusion of Evidence

¶8            Rusing argues that the court erred, violating his right to due process, by preventing him from testifying that A.G. had died before trial.  Rusing concedes he did not object at trial, limiting this court to review for fundamental error only.  *See State v. Henderson*, 210 Ariz. 561, 568, ¶ 22 (2005).  On fundamental error review, defendant has the burden of proving that the court erred, that the error was fundamental in nature, and that he was prejudiced thereby.  *Id*. at 567, ¶ 20.

¶9            Rusing has failed to meet his burden to demonstrate that the court erred, much less fundamentally erred to his prejudice.  The evidence that A.G. had died before trial was not relevant to whether Rusing possessed the drugs or paraphernalia on the date in question, and might have posed a danger of confusing the issues.  *See* Ariz. R. Evid. 401, 403 (stating the court may exclude relevant evidence when "its probative value is substantially outweighed by a danger of . . . confusing the issues").  Rusing argues that the jury might have unfairly inferred from the fact that A.G. did not testify on Rusing's behalf that A.G. had not been the person smoking methamphetamine, and had not put the drugs and pipe in Rusing's backpack.  Rusing's argument that the jury would have inferred his guilt from A.G.'s absence at trial is pure conjecture, however, which is an inappropriate basis for finding fundamental error.  *See State v. Diaz*, 223

Ariz. 358, 361, ¶ 13 (2010) ("We will not reverse a conviction based on speculation or unsupported inference.").

¶10        Moreover, Rusing cannot show he was prejudiced by preclusion of this evidence. Rusing's testimony that A.G. was "not around anymore" and his emotional demeanor was sufficient to convey to the jury that A.G. had died before trial.

¶11        On this record, Rusing has not shown fundamental error resulting in prejudice.

### B.        Failure to Record Interview

¶12        Rusing urges this court to find that "the requirement of recorded interrogations is fundamental to a fair trial," and accordingly, as a matter of due process, we should retroactively impose a rule that "police officers must either record statements by suspects or lose the right to use them in court." The officer testified he was unable to record Rusing's statements outside the casino because the conversation occurred too far away from his vehicle for the police-issued recorder to work.

¶13        Rusing did not object at trial to the admission of the officer's testimony about what Rusing told him the night of the incident. We accordingly are limited to review for fundamental error only. *Henderson*, 210 Ariz. at 568, ¶ 22.

¶14        Rusing acknowledges that the Arizona Supreme Court has not held that recordings are required as a matter of due process, but relies on dicta in *State v. Jones*, 203 Ariz. 1 (2002), noting the importance of recording a suspect's statements, and mentioning that both Alaska and Minnesota have required recording of custodial interrogations. *See id.* at 7, ¶ 18. Alaska has held that recording is required by the Alaska constitution as a matter of due process, but unrecorded statements are inadmissible only "when the interrogation occurs in a place of detention and recording is feasible." *See Stephan v. State*, 711 P.2d 1156, 1159-60 (Alaska 1985). The Minnesota Supreme Court relied on the "exercise of [their] supervisory power to insure the fair administration of justice" to impose a requirement that "all custodial interrogation . . . shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention." *State v. Scales*, 518 N.W.2d 587, 592-93 (Minn. 1994). Neither court held that custodial interrogations must be recorded to satisfy the due process requirements of the United States Constitution. *See Stephan*, 711 P.2d at 1160; *Scales*, 518 N.W.2d at 592.

¶15 As an initial matter, the rules devised by Alaska and Minnesota do not apply to the statements obtained from Rusing, because Rusing does not appear to have been in custody and indisputably was not in a "place of detention" at the time the officer obtained the statements at issue.

¶16 Rusing has made no significant argument that the United States Constitution, the Arizona Constitution, or this court's supervisory power to ensure the fair administration of justice support such a rule in Arizona. He also acknowledges that many other states have rejected such a rule. *See Clark v. State*, 287 S.W.3d 567, 574-75 (Ark. 2008) (citing cases).

¶17 Moreover, the court instructed the jury that it could consider Rusing's statements to the police officer only if it concluded beyond a reasonable doubt that they were voluntary, and it should give his statements as much weight as it believed the statements deserved under all the circumstances. The court also instructed the jury that it must consider a police officer's testimony just as it would the testimony of any other witness. The jury is presumed to have followed these instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006).

¶18 Under these circumstances, we decline Rusing's invitation to impose a broad rule applicable to this case that all unrecorded statements by a defendant to law enforcement are inadmissible as a matter of due process, and we find no error, much less fundamental error, in admitting Rusing's statements at trial.

## C. Admission of Prior Felony Convictions

¶19 Rusing argues that the court's finding that he had admitted to two prior felony convictions on cross-examination should be set aside, because the prosecutor repeatedly misstated the dates of the alleged crimes and convictions, and their case numbers, and it was not clear that he was admitting the same priors the prosecutor was attempting to prove.

¶20 Defense counsel agreed at sentencing, however, that Rusing had admitted to the two historical felony convictions at trial, obviating the need for a trial on the priors, arguably inviting any error. *See State v. Pandeli*, 215 Ariz. 514, 528, ¶ 50 (2007) (applying the invited error doctrine when defense counsel failed to object to evidence offered by the state and affirmatively agreed the evidence was admissible).

¶21 Moreover, even if Rusing did not invite the error, because he never objected below, he has the burden to show that error occurred, the

error was fundamental, and he was prejudiced thereby.  *See Henderson*, 210 Ariz. at 567, ¶ 20.

**¶22**        Rusing has failed to meet his burden for reversal on fundamental error review.  Before trial, the state filed an allegation of historical priors, alleging that Rusing committed two felony offenses on different dates in 2010, and was convicted of both in CR2010-155127-001: facilitation to commit sale of marijuana, a class 6 designated felony, and possession of marijuana for sale, a class 4 felony.  On cross-examination, following some confusion, Rusing admitted that he had been convicted of the two felonies:  one committed on September 29, 2010, and one committed on October 13, 2010, both of which he was convicted of and sentenced in CR2010-155127-001.  This admission by Rusing of his prior convictions while on the witness stand was sufficient to support the court's finding. *See* Ariz. R. Crim. P. 17.6.

**¶23**        On this record, the court did not err, much less fundamentally err, to Rusing's prejudice in concluding that Rusing had admitted to the two priors that had been alleged.

## CONCLUSION

**¶24**        For the foregoing reasons, we affirm Rusing's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA