NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KRIS RAYMOND MCCLAIN, *Appellant*.

No. 1 CA-CR 16-0242
FILED 3-28-2017

Appeal from the Superior Court in Yavapai County
No. P1300CR201300130
The Honorable Tina R. Ainley, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Craig Williams, Attorney at Law P.L.L.C., Prescott Valley
By Craig Williams
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1 Kris Raymond McClain appeals his convictions and sentences for manslaughter, criminal damage, four counts of aggravated assault, and six counts of aggravated driving under the influence ("DUI"), which includes three counts of aggravated driving with drugs or their metabolites in his body. For the following reasons, we affirm; however, we correct the trial court's March 22, 2016 sentencing minute entry to reflect that Count 5 is a dangerous offense.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The evidence at trial, viewed in the light most favorable to sustaining the convictions,[1] demonstrated that on January 22, 2013, McClain drove his Jeep at a high rate of speed and failed to brake as he approached cars stopped at a traffic light. McClain's Jeep slammed into one of the stopped vehicles, killing one of the occupants, and injuring others in that vehicle and another. After the incident, McClain told a law enforcement officer that he had used medical marijuana the day before and taken methadone that morning. McClain also told a detective that he suffered from self-diagnosed narcolepsy and had fallen asleep at the wheel.

¶3 A blood test revealed that McClain had in him approximately eight times the amount of THC believed to trigger impairing effects; methadone, a narcotic analgesic; and lorazepam, a central nervous system depressant that causes drowsiness. At the time of the collision, McClain had three prior convictions for aggravated DUI—two committed in 2005, and one in 2006—and was required to have an ignition interlock device on any vehicle he drove.

¶4 The jury convicted McClain of manslaughter, as a lesser-included offense of the charged crime of second-degree murder; four counts of aggravated assault, all dangerous offenses[2]; six counts of

---

[1] *See State v. Boozer*, 221 Ariz. 601, 601, ¶ 2, 212 P.3d 939, 939 (App. 2009).

[2] The jury's verdict form, as well as the February 19, 2016 transcript of the jury's verdict, makes clear the jury found that all the aggravated assault counts were dangerous offenses. The trial court's March 22, 2016 sentencing minute entry indicates, however, that Count 5 is a non-dangerous offense. Pursuant to *State v. Vandever*, 211 Ariz. 206, 210, ¶ 16,

aggravated DUI, including three counts involving aggravated driving with drugs or their metabolites in his body; and one count of criminal damage of $2,000 or more but less than $10,000. The jury also found several aggravating factors. The court sentenced McClain to aggravated terms totaling 32 years in prison, flat time, to be served after completion of the sentences totaling 3.5 years for the aggravated DUI convictions for which he was on probation.

¶5        McClain filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033(A) (2010).

## ANALYSIS

    *I.        Rule 404(b) Evidence*

¶6        McClain argues the court abused its discretion in admitting at trial the facts giving rise to a 2005 DUI conviction, to show under Arizona Rule of Evidence ("Rule") 404(b) that he understood the risk of causing a collision while driving under the influence. McClain argues that prejudice from the fact that this DUI occurred in the parking lot of a middle school and involved his children as witnesses substantially outweighed any probative value it might have had.

¶7        Other-act evidence is admissible under Rule 404(b) if the State has proved by clear and convincing evidence that the defendant committed the other act, it is offered for a purpose other than to show propensity to commit the charged act, its relevance is not substantially outweighed by the potential for unfair prejudice under Rule 403, and the court provides a limiting instruction if requested under Rule 105. *See State v. Anthony*, 218 Ariz. 439, 444, ¶ 33, 189 P.3d 366, 371 (2008). "Evidence is unfairly prejudicial if it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Mills*, 196 Ariz. 269, 275, ¶ 28, 995 P.2d 705, 711 (App. 1999) (citations and internal punctuation omitted).

¶8        Before trial, the State moved pursuant to Rule 404(b) to admit evidence of three convictions for aggravated DUI—two committed in 2005, both of which involved children, and one committed in 2006—to show the mental state of criminal recklessness. Blood drawn from McClain after the 2005 DUI that the court ultimately found admissible showed the presence

119 P.3d 473, 477 (App. 2005), we correct the sentencing minute entry to reflect that Count 5 is a dangerous offense.

of quantities of a metabolite of THC, several types of central nervous system depressants, and hydrocodone. Blood drawn from McClain after the instant incident showed the presence of THC and its metabolite; lorazepam, a central nervous system depressant; and methadone.

¶9　　　　McClain argued that the prior aggravated DUIs were not sufficiently similar to the incident at issue to demonstrate that he was made aware of the risks he posed to others while driving after taking methadone and medical marijuana.[3] He also argued that the evidence would unfairly prejudice him because it would create a significant risk that the jury would convict him because "he did it before."

¶10　　　　After reviewing the pleadings presented by the parties, the court found that the 2005 aggravated DUI at the middle school parking lot was relevant and admissible under Rule 404(b) "to show that [McClain] understood the risk of driving under the influence, the risk of causing a collision." The court further found that the unfair prejudice did not outweigh its probative value. We review for an abuse of discretion a trial court's decision to admit evidence under Rule 404(b). *See State v. Forde*, 233 Ariz. 543, 558-59, ¶ 42, 315 P.3d 1200, 1215-16 (2014).

¶11　　　　The court did not abuse its discretion. The circumstances here are similar to those presented in *State v. Woody*, 173 Ariz. 561, 845 P.2d 487 (App. 1992). In *Woody*, this court found no abuse of discretion in the trial court's admission of one of the defendant's convictions arising from his nine prior DUI arrests in the trial of charges of DUI and second-degree murder, to show the defendant's reckless indifference to human life, the required *mens rea* for the second-degree murder charge. *Id.* at 562-63, 845 P.2d at 488-89. The court noted that "[t]he prior act need not be factually identical to the crime at issue," and found that "the facts of [the defendant's] prior conviction were sufficiently similar for the jurors reasonably to conclude that as a result of it, [the defendant] was made aware of the risks he posed to others in driving while under the influence." *Id.* at 563, 845 P.2d at 489. Such was the case in this instance. In the 2005 aggravated DUI, McClain was observed speeding too fast for the conditions and striking a parked car.

¶12　　　　In this case, McClain was observed speeding and failing to brake as he approached other vehicles stopped at the red light. In both cases, he was found to have a metabolite of THC and a central nervous

---

[3]　　　McLain argues the hospital was responsible for the central nervous system depressant (lorazepam) found in his blood. *See infra* ¶¶ 18-20.

system depressant in his system. Any unfair prejudice from the fact that the prior act involved a middle school and McClain's children was minimal under the circumstances of this case, and was far outweighed by the probative value on the limited issue for which the court admitted this prior act.[4] We therefore decline to reverse on this basis.

## II. Voluntariness of Statements

**¶13** McClain next argues that the court abused its discretion in finding that his recorded statements at the scene and at the hospital were admissible, because he was in custody and in extreme pain. McClain argues that he was in custody from the time the detective was asked to stay with him at the scene of the accident because he "was gravely injured, really unable to move," and "[t]wo hours in the hospital with no pain relief being questioned by law enforcement is coercion."

**¶14** The State has the burden of proving by a preponderance of the evidence that a statement was voluntary. *State v. Amaya-Ruiz*, 166 Ariz. 152, 164, 800 P.2d 1260, 1272 (1990). Following a three-day evidentiary hearing, the court found that McClain was not in custody when he made statements in response to questioning by officers while at the scene awaiting medical attention and in the ambulance on the way to the hospital. The court reasoned that the officers "were still in the process of determining what happened," and "[t]hose initial questions were designed to obtain the most basic information and to determine the status of [McClain's] injuries." The court further found that during the initial time at the hospital, the investigation was still ongoing, and McClain "was not in custody." The court found, however, that the questions an officer posed after McClain was formally placed under arrest and before the detective advised McClain of his rights pursuant to *Miranda*[5] were not admissible at trial, as conceded by the State. As to statements McClain made after he was advised pursuant to *Miranda*, the court found that McClain "understood his rights and agreed to answer questions." Finally, the court found that McClain's statements "were responsive to the questions and were not the result of any promises,

---

[4]     The trial court instructed the jury as to the limited basis for which evidence of the prior act could be used. We presume the jury followed the court's instructions. *See State v. Rosas-Hernandez*, 202 Ariz. 212, 219, ¶ 25, 42 P.3d 1177, 1184 (App. 2002).

[5]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

coercion or threats." The court subsequently denied McClain's motion for reconsideration.

**¶15**      We review for an abuse of discretion the trial court's ruling admitting McClain's statements, based on the evidence presented at the voluntariness hearing, which is viewed in the light most favorable to upholding the court's ruling. *See State v. Ellison*, 213 Ariz. 116, 126, ¶ 25, 140 P.3d 899, 909 (2006).

**¶16**      The court did not abuse its discretion. The procedural safeguards of *Miranda* apply "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). An individual is considered "in custody" for purposes of *Miranda* when, in light of all the circumstances, there is "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (citations and internal punctuation omitted). In determining whether a suspect was "in custody," we consider the following factors: (1) the site of the interrogation; (2) whether the investigation has focused on the accused, if disclosed to the suspect; (3) whether the objective indicia of arrest are present; and (4) the length and form of the interrogation. *See State v. Perea*, 142 Ariz. 352, 354-55, 690 P.2d 71, 73-74 (1984) (citation omitted). The inquiry is focused not only on whether the suspect's freedom of action was significantly curtailed, but also on "whether the environment in which he was questioned presented inherently coercive pressures similar to a station house interrogation." *State v. Maciel*, 240 Ariz. 46, 49-50, ¶¶ 11-13, 375 P.3d 938, 941-42 (2016). The evidence at the voluntariness hearing supports the court's ruling that McClain was not in custody at the scene, in the ambulance, or at the hospital before he was placed under arrest. Instead, the officers simply stood by McClain's side while he awaited medical treatment; no objective indicia of arrest, such as handcuffs, were present; the officers had not disclosed to McClain that he was the focus of their investigation; and the officers asked only brief questions designed to ascertain what had happened, and what drugs McClain had taken and when, given his gray and ashy pallor.

**¶17**      Nor were these statements involuntary because McClain was in extreme pain. In determining whether a confession is voluntary, we consider whether, under the totality of the circumstances, the defendant's will was overcome. *State v. Boggs*, 218 Ariz. 325, 335, ¶ 44, 185 P.3d 111, 121 (2008). We will not find a statement involuntary unless there exists "both coercive police behavior and a causal relation between the coercive behavior and the defendant's overborne will." *Id.* at 336, ¶ 44, 185 P.3d at

122 (citation omitted). "When evaluating coercion, the defendant's physical and mental states are relevant to determine susceptibility to coercion, but alone are not enough to render a statement involuntary." *State v. Smith*, 193 Ariz. 452, 457, ¶ 14, 974 P.2d 431, 436 (1999) (citation omitted); *cf. Mincey v. Arizona*, 437 U.S. 385, 396-402 (1978) (holding that a defendant's statements were involuntary because evidence showed the defendant's will was overborne by the police detective's unceasing interrogation "of a seriously and painfully wounded man on the edge of consciousness," who at times "gave unresponsive and uninformative answers," appeared confused and unable to think clearly, and repeatedly asked for a lawyer). The detective who stayed by McClain at the scene, accompanied him in the ambulance, and questioned him at the hospital after McClain waived his *Miranda* rights testified that he never made any promise, used any force, or threatened McClain in any way. Here, the evidence fails to support either that the police questioning was coercive or that McClain's will was overborne. McClain was lucid, his answers were responsive to the questions asked, and several times he invoked his rights to refer some of the questions to his attorney. The court did not abuse its discretion in concluding that the statements were voluntary.

### III. Sufficiency of the Evidence

¶18 McClain next argues that insufficient evidence supported the convictions because there was circumstantial evidence that the lorazepam (Ativan) found in his blood was administered by the hospital for pain, and not present at the time of the accident.

¶19 We review *de novo* the sufficiency of the evidence to support a conviction. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011). We view the facts in the light most favorable to upholding the jury's verdict, and resolve all conflicts in the evidence against the appellant. *State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983). Evidence is sufficient to support a conviction "when there is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Forde*, 233 Ariz. at 567, ¶ 97, 315 P.3d at 1224 (citation omitted). Evidence "is not insubstantial simply because reasonable persons might have drawn a different conclusion from the evidence." *State v. Martinez*, 226 Ariz. 221, 224, ¶ 15, 245 P.3d 906, 909 (App. 2011) (citations omitted).

¶20 Police drew McClain's blood at 5:35 p.m. A nurse testified she administered 1 milligram of Ativan to McClain at 5:42 p.m., and this was the only Ativan administered to him by the hospital. The Ativan she

administered came from a two-milligram bottle, and she put the one milligram she did not use in a Sharps container, per hospital policy. The nurse testified she was certain she followed the procedure, although the disposal was not recorded properly in the records. The evidence was more than sufficient to show that lorazepam was present in McClain's blood at the time of the incident, before his blood was drawn by police.

**CONCLUSION**

**¶21**        Finding no error, we affirm McClain's convictions and sentences. We also correct the trial court's March 22, 2016 sentencing minute entry to reflect that Count 5 is a dangerous offense.



AMY M. WOOD • Clerk of the Court
FILED:  AA