NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEON JEROME DANIELS, *Appellant.*

No. 1 CA-CR 16-0486
FILED 9-19-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-105142-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1        Leon Jerome Daniels appeals his convictions and sentences imposed after a jury found him guilty of six counts of child prostitution, three counts of transporting a person with the purpose of prostitution, two counts of receiving earnings of a prostitute, two counts of attempted receiving earnings of a prostitute, two counts of pandering, one count of attempted pandering, and one count of sexual conduct with a minor. For the following reasons, we affirm as corrected.

## FACTUAL[1] AND PROCEDURAL HISTORY

¶2        Daniels and his girlfriend, victim K.S., lived in California and supported themselves with the proceeds of K.S.'s prostitution. Over K.S.'s objection, Daniels eventually recruited victims A.C., a minor, and S.F. as additional prostitutes to work for him. Daniels set the rules for how all three victims were to find clients ("dates") and collected the financial proceeds of their sexual encounters.

¶3        In January 2015, Daniels drove K.S., S.F., and A.C. ("victims") from California to a hotel in Phoenix to solicit business during the week of the Super Bowl. With the assistance of K.S., Daniels posted online advertisements soliciting dates for the victims. As a result of the advertisements, the victims engaged in multiple acts of prostitution, which Daniels coordinated and from which Daniels collected payment. For dates occurring at locations other than their hotel room, Daniels provided transportation. On one occasion Daniels also engaged in sexual intercourse with A.C.

¶4        Eventually, an undercover detective investigating sex trafficking responded to A.C.'s internet advertisement. That detective

---

[1]        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Boozer*, 221 Ariz. 601, 601, ¶ 2, 212 P.3d 939, 939 (App. 2009) (citation omitted).

arranged a date with A.C. and S.F. The three understood the two victims were to engage in sexual intercourse with the undercover detective in exchange for money.

¶5        When the detective arrived at the hotel, Daniels had left the hotel room. When A.C. answered the door, the detective entered, along with other members of the task force. S.F. identified Daniels as their "pimp," and officers located him in the hotel parking lot with K.S.

¶6        At a pretrial hearing addressing the State's motion in limine to preclude evidence related to the victims' chastity, Daniels advocated for admission of evidence relating to the victims' past prostitution activity. Daniels argued evidence of the victims' prostitution in California was probative of their credibility. Daniels further argued he would suffer prejudice if he was not permitted to question the victims on their history of prostitution. Daniels explained his defense theory required this testimony be allowed because "it would show motive that they . . . could be accusing [him] of something, . . . that [he] didn't commit." Daniels also argued that the victims' history of prostitution would show their motive to lie to the police. The superior court granted Daniels' requests to allow the evidence.

¶7        At trial, the State elicited testimony from the victims about their prostitution activities in California at Daniels' direction. A.C. and S.F. testified to the protocol Daniels taught them to follow while they were on dates with clients, and K.S. testified to the fact that she "trained" A.C. and S.F. in prostitution.

¶8        A.C. testified Daniels and K.S. took pictures of her to use for her internet advertisements and that Daniels gave her the name "Fire." All three victims testified that Daniels transported them from California into Arizona for prostitution, and that Daniels handled the money the victims received from their dates. Additionally, all three victims testified it was Daniels' idea to bring them to Arizona to prostitute.

¶9        The jury convicted Daniels of all the charged offenses except sex trafficking of K.S. Daniels timely appealed. We have jurisdiction under Article VI, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶10       Daniels argues the superior court erred by allowing the jury to hear evidence of his other wrongs, crimes, and acts surrounding the victims' prostitution activities in California in the days preceding the

charged events. *See supra* ¶¶ 7-8. Because Daniels did not object at trial to the introduction of the evidence, we review solely for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Under fundamental error review, Daniels must establish that: (1) error occurred; (2) it was fundamental; and (3) it caused him prejudice. *Id.* at 568, ¶¶ 22-24, 26, 115 P.3d at 608.

¶11 The Arizona Supreme Court "has long held that a defendant who invited error at trial may not then assign the same as error on appeal." *State v. Moody*, 208 Ariz. 424, 453, ¶ 111, 94 P.3d 1119, 1148 (2004) (internal quotations and citation omitted). Prior to trial, Daniels argued for the admission of victims' testimony related to their prior prostitution activities, which included evidence of his own other acts. At no point did Daniels object or request the court to limit that testimony. In fact, he stated, "[s]o if I'm not allowed to bring up their past, how can I question their credibility because that's what's going to be the issue . . . ."

¶12 After the court granted Daniels' request to allow evidence of the victims' past, at trial, Daniels cross-examined the victims as to their motive and credibility, which was consistent with his defense strategy that K.S., and not he, oversaw the victims. This testimony was an integral part of Daniels' defense. *See State v. Fulminante*, 161 Ariz. 237, 248-49, 778 P.2d 602, 613-14 (1988) (finding no error where defense counsel strategically stipulated to admission of the defendant's prior convictions), *aff'd*, 499 U.S. 279 (1991). Therefore, no fundamental error occurred.

¶13 The superior court's sentencing minute entry states that the court sentenced Daniels to Class 5 felonies for count nine, attempted pandering, and count ten, attempted receiving earnings of a prostitute. Prior to jury deliberations, the superior court amended these counts as "attempt" charges. Under A.R.S. § 13-1001(C)(5), if a defendant attempts a Class 5 felony, the charge is classified a Class 6 felony. *See* A.R.S. § 13-3209 (pandering is a Class 5 felony); *see also* A.R.S. § 13-3204 (receiving earnings of a prostitute is a Class 5 felony).

¶14 The superior court properly sentenced Daniels to amended counts nine and ten as Class 6, non-dangerous felonies with two historical prior felony convictions. *See* A.R.S. § 13-703(J) (2013). Accordingly, we correct the court's sentencing minute entry, filed July 7, 2016, to reflect Daniels' conviction of amended count nine, attempted pandering, a Class 6 felony and amended count ten, attempted receiving earnings of a prostitute, a Class 6 felony. *See State v. Vandever*, 211 Ariz. 206, 210, ¶ 16,

119 P.3d 473, 477 (App. 2005) (recognizing this Court must correct an inadvertent error found in the sentencing minute entry).

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm Daniels' convictions and sentences as corrected.

